IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| WILLIAM COHRON, et al.,<br><br>    Plaintiff, | MEMORANDUM DECISION AND ORDER GRANTING IN PART WENDY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING PACIFIC'S MOTIONS FOR CLARIFICATION AND FOR CERTIFICATION OF INTERLOCUTORY APPEAL |
| vs. | |
| WENDY'S INTERNATIONAL, INC., et al.,<br><br>    Defendant. | Case No. 1:06-CV-146 TS |
| WENDY'S INTERNATIONAL, INC., an Ohio corporation; WENDY'S OLD FASHIONED HAMBURGERS OF NEW YORK, an Ohio corporation,<br><br>    Third-Party Plaintiffs,<br><br>    v.<br><br>PACIFIC INTERNATIONAL MARKETING, INC., a California corporation; A&A FARMING INC., a California corporation.<br><br>    Third-Party Defendants | |

## I.  INTRODUCTION

Plaintiffs sued Wendy's alleging injury resulting from contaminated lettuce. Wendy's, as third party plaintiff, in turn brought third-party claims against Pacific International Marketing (Pacific), a supplier of lettuce.  Wendy's moves for summary judgment on three of its ten claims against Pacific.[1]  The Court grants summary judgment as to Wendy's claim that Pacific failed to name Wendy's as an additional insured as required by the Supplier Agreement (Agreement) but denies summary judgment as to Wendy's claim for indemnification.

The Court also denies Pacific's Motion for Clarification as moot and Pacific's Motion to Certify an interlocutory appeal.

## II.  FACTUAL BACKGROUND

The facts for this Motion are relatively simple.  In 2004,[2] Wendy's and Pacific entered into a three-year Supplier Agreement for produce.  Pacific is the supplier of Wendy's lettuce, which it obtains under a contract from grower A&A Farming, Inc. (A&A). A & A is also a third-party defendant.[3]

---

[1] Not at issue in the Motion are Wendy's other third-party claims against Pacific: alternative breach of contract; breach of express warranty; breach of implied warranty for a particular purpose; breach of implied warranty of merchantability; negligence; allocation of fault; and implied indemnification.

[2] The contract was dated February 4, 2004, but was effective October 31, 2003.

[3] Wendy's two claims against third party Defendant A&A are also not subject to the present motion.

2

The Supplier Agreement provides:

<u>INDEMNIFICATION</u>.  Supplier shall indemnify, defend and hold Wendy's, . . . franchisees . . . harmless from and against any and all damages, costs, expenses, claims and/or legal fees arising from Supplier's negligence, willful or wrongful acts, and performance of its obligations under this Agreement.

<u>INSURANCE.</u>  Supplier shall maintain and keep in full force and effect for Supplier and Wendy's, naming Wendy's, and its . . . franchisees, . . . as *additional insureds*, comprehensive general liability and product liability insurance in amounts and with cancellation notice periods acceptable to Wendy's.  Supplier shall provide Wendy's, promptly upon request, a certificate of insurance identifying Wendy's, and its . . . franchisees, . . ., as *additional insureds* and other evidence of compliance of the above terms as reasonably requested by Wendy's.  Upon the effective date of this Agreement, and continuing until otherwise notified by Wendy's, said insurance shall have *minimum* limits of liability of five million dollars . . . per occurrence.  Said policies and the provisions therein shall not be canceled or changed unless Wendy's has been given at least thirty days . . . prior notice by Supplier of the insurance company.

<u>CONSTRUCTION, FORUM</u>.  This Agreement shall be construed and interpreted and the rights of the parties determined in accordance with the law of the State of Ohio.  Suppliers and Wendy's hereby agree that any legal action with respect to this Agreement (including all defenses to any such legal action and all counterclaims or crossclaims therein) may be brought and maintained only in any courts located in Franklin County, Ohio, . . . and Supplier and Wendy's accept (and submit to) the jurisdiction of such courts and agree that venue is proper therein.

<u>WAIVER OF BREACH</u>.  The failure of either party to require the performance of any term of this Agreement or the waiver of either party of any breach

under this Agreement shall not prevent a subsequent enforcement of such term and shall not be deemed a waiver of any subsequent breach.[4]

The Complaint alleges as follows: On June 30, 2006, Plaintiff J. Corey Cohron ate a Wendy's BLT salad from a North Ogden Wendy's. The meal was provided as part of a teacher conference she attended. She became ill with diarrhea, and a few days later her family, including her two sons, became ill with diarrhea. One son was admitted to the hospital with acute kidney failure, E-coli, and HUS—a long-term complication of E-coli which causes kidney failure. Other persons also became ill with E-coli.

The Weber Morgan County Health Department (County Health Department) determined that the outbreak could be traced to consumption of lettuce from the North Ogden Wendy's. The lettuce was used in two kinds of salads made early on the same morning. Two persons who ate the BLT salads became ill. Those who ate the other salad did not. The County Health Department found no evidence of cross-contamination at the Wendy's. But neither did the County Health Department determine that cross-contamination of lettuce at the Wendy's (during food handling) was ruled out.[5] The county Health Department's Report states: "How the iceberg lettuce became contaminated is unknown and not demonstrable because of the span of time between contamination, consumption, and detection."[6] The Utah Department of Health reported that "there is not sufficient information to determine whether the source of infection was a single product that

---

[4]Docket No. 58-3 (emphasis added).

[5]Docket No. 69, Ernst Decl., Ex. 9 at 10.

[6]*Id*. at 18.

4

was contaminated prior to arrival at [Wendy's], cross-contamination that occurred during food preparation, or an ill employee who contaminated the food items."[7]

Plaintiffs, the Cohrons, filed this case against Wendy's bringing claims of negligence and strict liability. The Cohrons allege injury as a result of consumption of a contaminated Chicken BLT salad rather than specifically from consumption of contaminated lettuce.[8]

Wendy's filed its third-party complaint against Pacific and A&A. Pacific contends there is no evidence demonstrating that the lettuce at issue was supplied by Pacific or A&A, or that the cause of any contamination did not occur at the Wendy's.

Pacific has insurance through a regular policy and an excess policy. Pacific tendered Wendy's defense in this action to its insurer, which has apparently refused to defend Wendy's. Pacific has not accepted defense and indemnification with respect to Wendy's.

### III.  MOTION FOR SUMMARY JUDGMENT

Wendy's moves for summary judgment on its claims for declaratory judgment, indemnification, and breach of contract. It seeks a determination on two points. First, that there is no genuine issue of fact that Pacific failed to procure insurance for Wendy's which would have provided defense and indemnification against the Cohrons' claims and, therefore, must step into the shoes of the insurer and provide the amount of insurance that the insurer would have owed under the policy (including the cost of defense that insurer

---

[7]Utah Health Dept. Report at 7 (WEN 1303) Docket No. 58-13.

[8]Docket No. 72, Pl.s' Opp. at 3-4.

5

would have paid under the duty to defend). Second, that there is no genuine issue of material fact that Pacific has a separate contractual duty under the Supplier Agreement to provide Wendy's a defense and indemnification against the Cohrons' claims.

Pacific contends that there are numerous factual issues precluding summary judgment. Additionally, Pacific contends that the venue provision of the Supplier Agreement is mandatory and, therefore, Wendy's third-party claims must be dismissed for lack of venue or transferred to Ohio.

The Cohrons oppose the Motion on the grounds that (1) the third-party complaint unduly complicates this case and (2) there are material issues of fact on how the salad came to be contaminated.

## IV. VENUE

Pacific argues that this case should be dismissed or transferred for improper venue under the venue selection clause of the Agreement. Wendy's argues that the venue selection clause was waived.

Pacific did not raise venue in its original Answer but did raise venue in its Amended Answer to Wendy's First Amended Answer and Third-Party Complaint filed on September 20, 2007.[9] In that document, Pacific raised the issue of the forum section clause as its

---

[9]Docket No. 40, at 16.

twenty-second affirmative defense—lack of jurisdiction based upon the forum selection clause.[10] This was timely raised as it was a pleading filed as a matter of course.[11]

But, after listing venue as an affirmative defense, Pacific did not move to dismiss or to transfer venue. Instead, Pacific chose to continue to participate fully in the litigation of this case in this forum. For example, in October 2007, Pacific took the deposition of a Wendy's employee.[12] On November 7, 2007, Pacific moved to continue the Scheduling Order discovery deadlines[13] and affirmatively stated in its Motion that it was not seeking to move the final pretrial or trial dates.

The Court finds that Pacific clearly waived any venue objection by its choice to fully participate in this case in the time between the filing of its Amended Answer on September 20, 2007, and by the filing of its opposition to summary judgment on February 8, 2008.

## V. INSURANCE

The Court finds Wendy's has met its burden of showing that there are no material issues of fact on Pacific's failure to provide insurance. The Court has reviewed the Ohio

---

[10] Docket No. 40, at 15.

[11] *Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996) (holding that under Fed.R.Civ.P. 12(h)(1) venue is not waived if raised "in a responsive pleading or an amendment thereof permitted by Fed.R.Civ.P. 15(a) to be made as a matter of course). Former Fed.R.Civ.P. 12(h)(1), applicable at the time of the filing, provided: "A party waives the right to challenge venue if he fails to raise that defense either in his responsive pleading or in a motion to dismiss under Fed.R.Civ.P. 12(b)(3)."

[12] Docket No. 69, Ex. 1 (October 9, 2007 deposition of David Ernst, at 9, stating Pacific was taking his deposition).

[13] Docket No. 47, at 2.

case law on contracts such as *Alexander v. Buckeye Pipe Line Co.*[14] Under the Ohio case law applicable to that Agreement, the Court finds that the insurance clause in the Supplier Agreement is plain and is not ambiguous.[15] Under the plain meaning of the insurance clause, Pacific is required to name Wendy's as an additional insured for a policy with a minimum limit of $5 million dollars.

Pacific failed to do so. The Court finds that there was no waiver of the insurance requirement. As explained in *Lewis & Michael Moving and Storage*,[16] cited by Pacific, in a case like this where the Agreement has a nonwaiver provision, "any failure of" Wendy's "to insist upon strict performance of any [contract] terms should not be construed as a waiver of any right or remedies."[17]

Further, the Court finds that Pacific has not shown an issue of fact from which a reasonable jury could find Wendy's waived the insurance requirement. Wendy's receipt of the certificates of insurance was not a waiver of its rights. It was not Wendy's obligation

---

[14] 374 N.E.2d 146, 150 (Ohio 1978) ("Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument.").

[15] *United States Fid. & Guar. Co. v. St. Elizabeth Med. Ctr.,* 716 N.E.2d 1201, 1208 (Ohio App. 1998) ("Contractual language is 'ambiguous' only where its meaning cannot be determined from the four corners of the agreement or where the language is susceptible of two or more *reasonable* interpretations.") (emphasis added).

[16] 2006 WL 2056636 (Ohio App. 2006) (construing anti-waiver provision in lease).

[17] *Id*. at *6.

to determine the extent of Pacific's insurance, it was Pacific's contractual obligation to provide the insurance.[18]

Under Ohio law, where procuring insurance is a condition of a contract, but the party "negligently fails to procure such insurance, [that party] is liable for damages to the extent of the agreed insurance."[19]

Pacific's policies contain a duty to defend. The parties agree that California law applies to the issue of whether coverage would have been available under Pacific's insurance policies. Applying that law, the Court finds that comparing the language of the Cohrons' Complaint, Wendy's has shown the possibility that the claims may be covered by the policies. Thus, Wendy's has shown that there is no issue of fact that the insurer would have been obligated to defend, and Pacific has not met its burden to show "undeniable evidence that the claims are not covered."[20] Pacific has also not met its

---

[18] In this regard, the Court finds persuasive the case cited by Wendy's, *U.S. Oil & Refining Co. v. Lee & Estes Tank Lines, Inc.*, 16 P.3d 1278, 1283 (Wash. App. 2001) (holding that plaintiff's failure to demand proof of performance does not constitute a waiver of its right to performance itself).

[19] *Park Federal Sav. & Loan Ass'n v. Lillie*, 265 N.E.2d 339, 345 (Ohio Com. Pl. 1970) ("Where a husband and wife sign a note upon condition that a loan company would procure credit life insurance on the life of the husband, but the loan company negligently fails to procure such insurance, it is liable for damages to the extent of the agreed insurance.").

[20] *Horace Mann Ins. Co. v. Barbara B.*, 846 P.2d 792, 795-796 (Cal. 1993) (holding that: "[o]nce the defense duty attaches, the insurer is obligated to defend against all of the claims involved in the action, both covered and noncovered, *until* the insurer produces undeniable evidence supporting an allocation of a specific portion of the defense costs to a noncovered claim") (emphasis added).

burden to show that, had it provided the required insurance, a vendor's endorsement would have been issued.

Accordingly, the Court will grant Wendy's Motion for Summary Judgment on its third cause of action for breach of contract regarding the insurance clause of the Supplier Agreement.  Wendy's has shown that there is no issue of fact that, under the insurance policies involved, the insurance companies would have had a duty to defend Wendy's against the claims in this case.  Having failed to procure insurance for Wendy's as required by their Agreement, Pacific is liable for the loss Wendy's sustains from the lack of insurance, including the duty to defend costs, that Pacific agreed to provide.

## VI.  INDEMNIFICATION CLAUSE

As to the indemnification clause of the Supplier Agreement, the Court notes that under Ohio law, indemnity contracts must be read like other contracts, with "all of the words used taken in their ordinary and popular sense."[21]

Reading the indemnity clause, it is clear that to be subject to indemnification, the "damages, costs, expenses, claims and/or legal fees" in this case must "arise from Supplier's (Pacific's) negligence, willful or wrongful acts, and performance of its obligations under this Agreement."

The Court finds that there are issues of fact on whether the claims in this case fall under the indemnification clause of the Supplier Agreement.

## VII.  PACIFIC'S MOTION FOR CLARIFICATION

---

[21] *Glaspell v. Ohio Edison Co.*, 505 N.E.2d 264 (Ohio 1987).

10

After the hearing in this matter, Pacific moved for clarification of the Court's ruling from the bench before that ruling was reduced to written form. Pacific seeks clarification on three issues.

First, whether the Court is ruling that Wendy's is a "named insured" or an "additional insured." The Court finds no clarification is needed on this issue. The Agreement provides that Pacific's obligation was to "maintain and keep in full force and effect for Supplier and Wendy's, *naming* Wendy's, and its . . franchisees, . . . as *additional insureds*, comprehensive general liability and product liability insurance in amounts and with cancellation notice periods acceptable to Wendy's."[22] Wendy's was to be an additional insured.

Second, Pacific seeks clarification on whether its failure of proof is as to the entire vendor endorsement or only to the exclusions that would have been included in such an endorsement. This relates to the Court's ruling that Pacific did not meet its burden to show that, had it provided the required insurance, a vendor's endorsement would have been issued. The Court finds no clarification is required on this issue.

Third, Pacific seeks clarification on whether the Court ruled that Pacific had a duty to indemnify Wendy's as well as a duty to defend. The Court's ruling is clear that there was a duty to provide the insurance and, having failed to provide the required insurance, Pacific is liable for damages, including the duty to defend, to the extent of the agreed insurance. The actual extent of those alleged damages was beyond the purview of the

---

[22]Docket No. 58-3 (emphasis added).

11

Motion. Further, the Court found that there are issues of fact on the separate claim for indemnification. As there is no need for clarification, the Court denies the Motion for Clarification as moot.

### VIII. MOTION FOR CERTIFICATION UNDER § 1292(b)[23]

Pacific seeks certification of this Order under § 1292(b), and argues it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[24] Wendy's opposes certification on the ground that there is no certifiable question of law, that it is not a controlling question, that there are no grounds for a difference of opinion, and an immediate appeal will not materially advance this litigation.

The Court's decision on the failure to procure insurance was not purely an issue of law but also involved a determination that there were no disputed issues of fact as to waiver as argued by Pacific. Further, the Court finds that an immediate appeal would not materially advance the ultimate termination of this litigation because the disputed factual issues involved in indemnification would still remain for trial. The Court will deny the motion for certification.

### IX. ORDER

Based upon the foregoing, it is therefore,

---

[23] 28 U.S.C. § 1292(b).

[24] *Id.*

ORDERED that Wendy's Motion for Summary Judgment (Docket No. 56) is GRANTED in part.  It is further

ORDERED that summary judgment is GRANTED in favor of Wendy's and against Pacific on the third cause of action for breach of contract regarding Pacific's failure to provide insurance as required by the Supplier Agreement.  It is further

ORDERED that Wendy's Motion for Summary Judgment as to its First and Second causes of action in its Third-Party complaint is DENIED as to the indemnification clause in the Supplier Agreement.  It is further

ORDERED that Pacific's Motion for Clarification (Docket No. 86) is DENIED as moot.  It is further

ORDERED that Pacific's Motion for Certification under § 1292(b) is DENIED.

DATED   May 20, 2008.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge